UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNADENE FISK, ) | Case No.: 1:13-CV-1129 [MAD/CFH] |
| ) | |
| Plaintiff ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| ALLIED INTERSTATE LLC f/k/a ) | |
| ALLIED INTERSTATE, INC., ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

BERNADENE FISK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its principal office located in the State of New York and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Voorheesville, New York 12186.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its principal offices located at 335 Madison Avenue 27th Floor, New York, New York 10017.

9. Defendant is a "debt collector" as the term is defined by 15 U.S.C § 1692a(6), as it attempted to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times herein, Defendant was attempting to collect a consumer debt.

12. The debt that Defendant was attempting to collect arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in or about September 2012, and onward, Defendant attempted to collect a consumer debt from Plaintiff.

14. In its attempts to collect the alleged debt, Defendant repeatedly and continuously contacted Plaintiff on her business and facsimile telephone numbers.

15. Specifically, Defendant would call Plaintiff's business telephone number, and when she would not answer the phone, it would call her facsimile telephone number.

16. When contacting Plaintiff, Defendant would call numerous times each day.

17. For example, Defendant contacted Plaintiff on September 14, 2012, at 8:47 a.m.; 12:28 p.m.; 2:32 p.m., and 4:11 p.m.; September 15, 2012, at 8:52 a.m., 11:54 a.m.; and 2:48 p.m.; and September 17, 2012, at 8:23 a.m. and 10:37 a.m.

18. In those instances where Plaintiff's husband answered Defendant's calls, its collectors were obnoxious refusing to provide him with any information regarding the nature of the alleged debt; rather, they demanded to speak with

Plaintiff claiming it was a "personal matter."

19. As a result, Plaintiff never knew why Defendant was calling her, but did know that the calls were upsetting to her and her husband, interrupted her day and caused her to wonder what the matter was about.

20. Finally, within 5 days after its initial communication with Plaintiff in September 2012, Defendant failed to send Plaintiff written notice of her rights, including the right to dispute the debt, the right to seek validation and/or the right to know the amount claimed from her as well as other details about the debt.

21. Defendant's actions in attempting to collect the debt were harassing, abusive and annoying.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

22. Defendant's conduct, as detailed in the preceding paragraphs, violates 15 U.S.C. §§1692d and 1692d(5).

    a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it harassed Plaintiff in connection with the collection of an alleged debt, by calling her multiple times a day, on her work and facsimile numbers.

## COUNT II

23. Defendant's conduct, as detailed in the preceding paragraphs, violates 15 U.S.C §1692f.

   a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated §1692f of the FDCPA by failing to disclose the purpose of its calls and interrupting her day, which was upsetting to her as well as her husband.

## COUNT III

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C §1692g(a).

   a. A debt collector violates § 1692g(a) of the FDCPA by failing to send the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a

written notice containing: (1) the amount of debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion, thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g of the FDCPA by failing to provide any written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor.

PLAINTIFF'S COMPLAINT

## PRAY FOR RELIEF

**WHEREFORE**, Plaintiff, BERNADENE FISK, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

                              RESPECTFULLY SUBMITTED,

DATED: 09-11-13        KIMMEL & SILVERMAN, P.C.

                         By: /s/ Craig Thor Kimmel
                            Craig Thor Kimmel
                            Attorney ID #2790038
                            Kimmel & Silverman, P.C.
                            30 E. Butler Pike
                            Ambler, PA 19002
                            Phone: (215) 540-8888
                            Fax: (215) 540-8817
                            Email: kimmel@creditlaw.com