UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**BERNADENE M. FISK,**

                        *Plaintiff*,

*-vs-*

                                          Civil Action No. 1:13-CV-1129 MAD/CFH

**ALLIED INTERSTATE, LLC**,

                        *Defendant*.

## CIVIL CASE MANAGEMENT PLAN

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable CHRISTIAN F. HUMMEL, United States Magistrate Judge on **December 17, 2013, at 9:00AM** at the United States Courthouse, at Room Number 441, Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before **January 31, 2014**.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before **January 31, 2014**.

**3) DISCOVERY:** All discovery in this action shall be completed on or before **May 30, 2014.**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before **June 30, 2014**.

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on **August 25, 2014**.  It is anticipated that the trial will take approximately **2** days to complete. The parties request that the trial be held in Albany, N.Y.

**6) HAVE THE PARTIES FILED A JURY DEMAND:  __X___(YES) / _____(NO).**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?    Yes.**

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

**Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act. Defendant denies the allegations in the Complaint; denies that any collection activity took place during the time alleged in the Complaint and asserts that collection activity, if any, was undertaken in compliance with all applicable laws and regulations.**

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

**All facts and legal issues are in dispute.**

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FORDECISION ON MOTION?    No.**

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

**Plaintiff seeks actual damages, statutory damages, and attorney's fees and costs.**

**12) DISCOVERY PLAN:**

**A. Mandatory Disclosures:**
The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before **December 30, 2013**.

**B. Subjects of Disclosure**
The parties jointly agree that discovery will be needed to address the following subjects: **Plaintiff's claims in this matter, Plaintiff's damages, Defendant's defenses, and Defendant's collection practices and procedures.**

**C. Discovery Sequence**
Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
**Standard discovery with no bifurcation**.

**D. Written Discovery**
Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.
**Standard discovery including document demands, interrogatories, and requests to admit.**

**E. Depositions**
Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.
**Plaintiff, Defendant's 30(b)(6) representative, and fact witnesses identified by the parties.**

**F. Experts**
Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).
**The parties do not anticipate a need for experts in this matter**.

**G. Electronic Discovery**
Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.
**The parties will produce any electronically stored information in hard copy**.

**H. Protective Orders**
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
**Unknown at this time**.

**I. Anticipated Issues Requiring Court Intervention**
Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
**Unknown at this time**.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?
Unknown at this time.**

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?    No.**

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?
Not applicable.**

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:
1-----2-----3-----(4)-----5-----6-----7-----8-----9-----10**

**(VERY UNLIKELY)                              (LIKELY)**

CANNOT BE EVALUATED PRIOR TO _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

The parties request a settlement conference after the completion of discovery.

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.***

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

     _____ ARBITRATION
     ___X__ MEDIATION
     _____ EARLY NEUTRAL EVALUATION

*************************************************************************
Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on December 3, 2013 and was attended by:

  Craig Thor Kimmel_____for Plaintiff; and

   Nana Japaridze_____for Defendant
(party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk at least fourteen (14) days in advance of the conference date.*